UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEAN M. DONAHUE,
    Plaintiff      :    CIVIL ACTION NO. 3:13-CV-1280

v.                       :
                        :    (JUDGE NEALON)
JULIA HEARTHWAY, ET AL.,   :    (MAGISTRATE JUDGE BLEWITT)
    Defendants     :

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint names as Defendants: Julia Hearthway, the Secretary of the Pennsylvania Department of Labor and Industry; the Pennsylvania Department of Labor and Industry; and Impact Services of Philadelphia. (Id.). Plaintiff alleges that in 2011, Impact Services determined that he was qualified for a federally funded program to help veterans find jobs, but Defendant Hearthway had her office contact Impact Services to inform them that she would cut their federal grant if they helped Plaintiff. (Id.). For relief, Plaintiff seeks, inter alia, his immediate release, the arrest of Defendant Hearthway, cancellation of all student loans, an order requiring the FBI to put him through a background check for top secret clearance, and monetary damages. (Id.). Plaintiff filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 5).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 8) (citing Pub. L. No. 104-134,

---

[1] Plaintiff has since been released on bail. See (Doc. 9).

110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On May 30, 2013, Magistrate Judge Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 10). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). The motion/objection is dated June 7, 2013, two days after the R&R was mailed to Plaintiff's new address. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report

---

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

## Discussion

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 8, pp. 4-5). Initially, Magistrate Judge Blewitt finds that to the extent Plaintiff requests relief in the form of the arrest of Defendant Hearthway, the Court has no authority[4] to grant such relief. (Id. at pp. 6-7) (citing Ross v. Pa. Bd. of Prob. & Parole, 2012

---

[4]This Court also lacks authority to order the cancellation of all student loans or to require the FBI to conduct a background check of Plaintiff for top secret clearance.

U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.)). As to Plaintiff's request to be released, the R&R states that this Court will not interfere with his pending criminal case in Luzerne County, and that such relief is cognizable under habeas corpus. (Id. at pp. 7-8), citing 28 U.S.C. § 2254; 28 U.S.C. § 2283; Younger v. Harris, 401 U.S. 37, 41 (1971); Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Moreover, Plaintiff has already been released on bail. The Magistrate Judge recommends that these relief requests be dismissed with prejudice. (Doc. 8, pp. 6-9). Next, Magistrate Judge Blewitt determines that Defendant Pennsylvania Department of Labor and Industry, a state agency, is entitled to Eleventh Amendment immunity and should be dismissed with prejudice. (Id. at pp. 8-10), quoting MCI Telecomm. Corp. v. Bell Atlantic-Pennsylvania, 271 F.3d 491 (3d Cir. 2001); Democracy Rising PA v. Celluci, 603 F. Supp. 2d 780, 795 (M.D. Pa. 2009) (Conner, J.). The R&R then explains that not only does Plaintiff fail to allege that Defendant Impact Services acted in any manner to violate his constitutional rights, but as a private non-profit organization, it is not a state agency subject to suit in a section 1983 action and should be dismissed with prejudice. (Doc. 8, p. 11) (citing Conway v. King Pharms., Inc., 2008 U.S. Dist. LEXIS 86352 (M.D. Pa. 2008) (Vanaskie, J.)). Finally, the Magistrate Judge concludes that the complaint does not sufficiently state the personal involvement of Defendant Hearthway in a violation of Plaintiff's constitutional rights. (Id. at p. 12), quoting Innis v. Wilson, 334 Fed. Appx. 454 (3d Cir. 2009). Magistrate Judge Blewitt explains that section 1983 does not create any substantive rights. (Id. at p. 13) (citing Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001)). "'Rather, a Plaintiff must prove an underlying statutory or constitutional violation in order to prevail under [§1983].'" (Id.), quoting Douris v. Bucks County, 2005 U.S. Dist. LEXIS 1279, *39-40 (E.D. Pa. 2005). The R&R notes that

Plaintiff has not alleged discrimination based on his veteran status and, regardless, such a claim has administrative exhaustion requirements and is not cognizable under section 1983. (Id.), citing Douris, 2005 U.S. Dist. LEXIS 1279 at *37 n.16 (explaining that a plaintiff may not bring a claim pursuant to 42 U.S.C. § 1983 for a violation of the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"), 38 U.S.C. § 4212). Magistrate Judge Blewitt concludes that the complaint should be dismissed in its entirety and that it would be futile to allow an amendment. (Doc. 8, p. 14) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)).

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend. Additionally, Plaintiff's motion for leave to proceed in forma pauperis will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

United States District Judge